**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HYDRAMEDIA CORPORATION, a Washington corporation,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>HYDRA MEDIA GROUP INC., a California corporation erroneously sued as HydraMedia LLC, DBA Hydramedia,<br><br>      Defendant - Appellee. | Nos. 09-55237<br><br>D.C. No. 2:06-cv-05293-DDP-JTL<br><br><br>MEMORANDUM[*] |
| HYDRAMEDIA CORPORATION, a Washington corporation,<br><br>      Plaintiff - Appellee - Cross-Appellant,<br><br>  v.<br><br>HYDRA MEDIA GROUP INC., a California corporation erroneously sued as HydraMedia LLC, DBA Hydramedia,<br><br>      Defendant - Appellant - Cross-Appellee. | Nos. 09-56047 & 09-56050<br><br>D.C. No. 2:06-cv-05293-DDP-JTL |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted August 4, 2010
Pasadena, California

Before: REINHARDT and SILVERMAN, Circuit Judges, and SINGLETON, Senior District Judge.[**]

Plaintiff HydraMedia Corporation appeals the district court's ruling that Defendant's trademark infringement was not willful. Plaintiff also appeals the district court's denial of its motions for profits and attorney fees and the scope of the district court's injunction. Defendant cross-appeals the district court's denial of its motion for attorney fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Plaintiff first argues that the district court erred in granting Defendant's motion for summary judgment as to willfulness. We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 675–76 (9th Cir. 2005). Defendant initially adopted the contested mark, HYDRAMEDIA, before it knew that Plaintiff even existed. When Defendant discovered Plaintiff's

_____

[**]     The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

use of a similar mark, it relied on in-house counsel's opinion that there was little likelihood of confusion based on the companies' distinct services. Defendant enjoyed a strong reputation and there was no evidence that it sought to mislead consumers or usurp any goodwill associated with Plaintiff's mark. Under such circumstances, Defendant's infringement was not willful. *See Lindy Pen Co, Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993).

Plaintiff next argues that the district court abused its discretion by refusing to award an accounting of Defendant's profits. Our decisions regarding an award of profits emphasize the importance of willfulness in the analysis. *See Lindy*, 982 F.2d at 1405–06 (9th Cir. 1993) *and Playboy Enter., Inc. v. Baccarat Clothing Co., Inc.,* 692 F.2d 1272, 1274–76 (9th Cir. 1982). "Indeed, this court has cautioned that an accounting is proper only where the defendant is attempting to gain the value of an established name of another." *Lindy*, 982 F.2d at 1406 (internal quotation omitted). Defendant was not trading off Plaintiff's name. Defendant's infringement was not willful. The district court did not abuse its discretion by denying Plaintiff's motion for an award of profits.

Plaintiff also argues that the district court abused its discretion by only enjoining Defendant's use of "Hydramedia" and not any of the "hydra" variants. The decision to grant an injunction is "'an act of equitable discretion by the district

court.'" *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1137–38 (9th Cir. 2006) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Defendant had used marks similar to Hydramedia since its inception, without complaint from Plaintiff. Weighing the hardships, the district court found that Plaintiff would not suffer irreparable injury if the injunction were limited to the use of Hydramedia, while Defendant would be substantially prejudiced by an injunction that broadly covered all of the hydra variations. These findings are not clearly erroneous and the court was within its discretion in limiting the scope of the injunction.

Finally, both parties appeal the district court's denial of their motions for attorney fees. We review a fees determination for an abuse of discretion under both 15 U.S.C. § 1117(a), *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003), and 12 U.S.C. § 1927, *Smith v. Lenches*, 263 F.3d 972, 979 (9th Cir. 2001). Defendant's infringement was not willful or malicious. Therefore, this is not an "exceptional case" where fees are warranted. *Earthquake*, 352 F.3d at 1216. The district court was within its discretion in ruling that neither party acted in bad faith in responding to discovery requests, and thus was within its discretion in denying both parties' motions for attorney fees.

AFFIRMED.